## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Scott Undlin,<br><br>                    Plaintiff,<br><br>vs.<br><br>City of Minneapolis et al<br><br>                    Defendants. | 08-cv-01855-JNE-FLN<br><br>**MEMORANDUM OF LAW**<br>**IN SUPPORT OF**<br>**MOTION TO DISMISS**<br>**OF DEFENDANTS**<br>**CITY OF MINNEAPOLIS,**<br>**DOLAN, AND FAUST**<br><br>ORAL ARGUMENT REQUESTED |

Defendants City of Minneapolis, Minneapolis Police Department Chief Timothy Dolan, and Minneapolis Police Department Officer Lance Faust respectfully submit this memorandum of law in support of their motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## PLAINTIFF'S ALLEGATIONS[1]

On June 9, 2006, Plaintiff Michael Undlin was suffering from an acute and severe mental illness episode. Complaint at ¶ 19. Plaintiff was in a hospital emergency room when that hospital's security staff called 911. Id. The 911 operator was not told by the hospital security staff that it was calling about a mental health situation. Id. The 911 operator made no inquiry to determine that this was a mental health situation. Id.

Defendant Minneapolis Police Officer Lance Faust was dispatched to the hospital emergency room. Complaint at ¶ 19a. Plaintiff alleges that when Officer Faust

---

[1] Plaintiff's allegations are not admitted, but are set forth in order to determine whether they allege enough to state a claim for relief.

encountered Plaintiff Michael Undlin, he was "lying quiet, still, eyes closed, and non-responsive on a gurney."  Complaint at ¶ 19.

Officer Faust jammed his knuckle behind and below Plaintiff's ear multiple times, for the sole purpose of inflicting significant pain to force Defendant to respond verbally to Officer Faust.  Complaint at ¶ 21.

Plaintiff remained "quiet, non-responsive, and eyes closed" until Officer Faust threatened to arrest Plaintiff for Trespass, at which point Plaintiff demanded that before arresting him Officer Faust investigate Plaintiff's  medical records and consult with the locked mental health unit he was on.  Complaint at ¶ 22.  Officer Faust elected to arrest Plaintiff.  Complaint at ¶ 19a.

Officer Faust arrested Plaintiff and with the help of Defendant John Doe lifted Plaintiff to a sitting position, handcuffed him extremely tightly, lifted him off the gurney to the hospital floor, and then lifted Plaintiff  up roughly from under his armpits and dragged him feet trailing behind to the MPD squad car.  Complaint at ¶ 27.

While being transported to the Hennepin County Jail, Plaintiff's wrists hurt, but he did not inform Officer Faust that he was in pain.  Complaint at ¶ 28.  Once at the jail, Officer Faust and another person lifted Plaintiff out of the squad car and carried him into the jail.  Complaint at ¶ 29.

Based upon these allegations, Plaintiff has asserted the following causes of action against the City, Dolan, and Faust:

2

| Count | Cause of Action | Defendants |
|:---:|:---|:---:|
| 1 | 42 U.S.C. § 1983, 1985, 1986 excessive force | Faust |
| 2 | 42 U.S.C. § 1985 conspiracy | Faust |
| 3 | State law assault and battery | Faust |
| 4 | State law false arrest | Faust |
| 5 | State law negligent hiring, supervision, training, and retention | Dolan, City |
| 7 | State law intentional infliction of emotional distress | Faust |
| 8 | 42 U.S.C. § 1983, 1985, 1986 Monell claim | City |
| 10 | Punitive damages | Faust |

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss for failure to state a claim must be granted where the complaint does not allege "enough facts to state a claim to relief that is plausible on its face" rather than merely "conceivable." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007); see also Jenkins v. County of Hennepin, No. 06-3625, 2007 WL 1965552, at *1 (D. Minn. July 3, 2007) (recognizing Twombly abrogated prior rule that motions to dismiss may be granted only if a plaintiff can prove no set of facts which would entitle him to relief). In addition, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832 (1989). Whether a complaint states a cause of action is a question of law. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

**ARGUMENT**

I.  **Plaintiff's Section 1983 excessive force claim against Officer Faust fails to state a claim for relief because the injuries Plaintiff alleges he received from Faust are *de minimis*.**

Count I of Plaintiff's Complaint is an excessive force claim against Officer Faust. See Complaint at ¶¶ 50-51.   Plaintiff frames the claim as being asserted under 42 U.S.C. §§ 1983, 1985 and 1986.  The proper analysis is under Section 1983.[2]

The right to be free from excessive force is a clearly established right under the Fourth Amendment's prohibition against unreasonable seizures of the person.  See, e.g, Guite v. Wright, 147 F.3d 747, 750 (8th Cir. 1998).  However, "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment."  Graham v. Connor, 490 U.S. 386, 396 (1989) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).  Rather, the test is whether the force used to effect a particular seizure is "reasonable."  Id. "The 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  Id. at 397 (citation omitted).   "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly

---

[2] As will be analyzed in more detail below, 42 U.S.C. 1985 (3) prohibits conspiracies to deprive individuals of their constitutional rights, and 42 U.S.C. 1986 provides that any person who has knowledge of a Section 1985 conspiracy, and fails to prevent such conspiracy, violates Section 1986.

evolving -- about the amount of force that is necessary in a particular situation." <u>Graham</u>, 490 U.S. at 396-97.

The Eighth Circuit has held that "a *de minimis* use of force or injury is insufficient to support a finding of a constitutional violation." <u>Andrews v. Fuoss</u>, 417 F.3d 813, 818 (8th Cir. 2005, citing <u>Crumley v. City of St. Paul</u>, 324 F.3d 1003, 1007 (8th Cir. 2003); <u>Greiner v. City of Champlin</u>, 27 F.3d 1346, 1355 (8th Cir. 1994).

As set forth below, both the Eighth Circuit and this Court have applied the *de minimis* injury doctrine to rule that allegations of many types of minor injuries, often more extensive than those alleged in this case, do not rise to the level of a constitutional violation as a matter of law.

     A.   <u>Five shoves and tight handcuffs that cause a bleeding wound are *de minimis*, precluding claim for excessive force.</u>

In <u>Crumley</u>, a police officer had pulled over a vehicle and was in his squad car checking for warrants when the plaintiff (an attorney) approached the vehicle to give the occupants her business card. <u>Crumley</u>, 324 F.3d at 1005. The plaintiff alleged that the police officer got out of his squad car, approached her quickly, and struck or pushed the plaintiff approximately five times and then spun her around and handcuffed her. <u>Id</u>. Plaintiff alleged that the handcuffs caused a bleeding injury to her wrist. <u>Id.</u> She sued the police officer for excessive force (among other things), and the District Court, the Honorable Richard H. Kyle presiding, granted the officer's motion for summary judgment on the excessive force claim. <u>See</u> 00-cv-02110-RHK-JMM  (Doc. 38 filed 12/21/2001).

The Eighth Circuit affirmed, noting that the plaintiff could not "establish the existence of an essential element of her case" as a matter of law because she did not allege she suffered any physical injury from the police officer's shove, and that tight handcuffs, without more than an allegation of minor injuries, do not amount to excessive force. Crumley, 324 F.3d at 1008 (citing Rodriguez v. Farrell, 280 F.3d 1341, 1352 (11th Cir. 2002) ("Painful handcuffing, without more, is not excessive force in cases where the resulting injuries are minimal"); and Nolin v. Isbell, 207 F.3d 1253, 1257-58 (11th Cir. 2000) (holding as a matter of law the amount of force used during an arrest to handcuff where the resulting injury was merely bruising was not excessive)).  The Court in Crumley thus concluded, "we hold as a matter of law, Crumley's injuries are too minor to support an excessive force claim." Crumley, 324 F.3d at 1008.

      B.      <u>Forceful blow causing soreness, headache, painful flareup of back and neck conditions, and increased symptoms of post-traumatic stress disorder are <i>de minimis</i>, precluding claim for excessive force.</u>

In Andrews, the plaintiff alleged that a sheriff struck her from behind while she was in a courtroom for her son's sentencing in a criminal matter.  Andrews, 417 F.3d at 815. She alleged that the blow was forceful enough to make her "see stars" and spun her around. Id.  The plaintiff alleged she was "shocked" and started to cry, that she had an immediate pain flare-up relating to pre-existing neck and back conditions, left her with a sore neck and a "horrible, horrible" headache.  Id. at 816.  She saw a physician due to continued soreness in her neck, arm and shoulder.  She also alleged some increase in symptoms related to post-traumatic stress disorder, which she already had.  Id.  The district court granted the sheriff's motion for summary judgment, and the Eighth Circuit affirmed, concluding that the

plaintiff's alleged injuries were "at most very minor" and were "precisely the type of *de minimis* injuries that preclude a claim for excessive force." Id. at 818.

      C.      Application of *de minimis* injury doctrine to Plaintiff's allegations.

 In the instant case, the only factual allegations about Officer Faust that could be considered remotely "forceful" are as follows:

- Officer Faust allegedly jammed his knuckle behind and below Plaintiff's ear multiple times.  Complaint at ¶ 21.
- Officer Faust allegedly handcuffed Plaintiff extremely tightly (but Plaintiff did not tell Officer Faust that he was in pain).  Complaint at ¶¶ 27, 28.
- Officer Faust allegedly lifted Plaintiff up roughly from under his armpits and dragged him feet trailing to the squad car.  Complaint at ¶ 27.

Plaintiff's allegations about the injuries he received as a result of Officer Faust's alleged excessive force do not rise to the level of a cognizable constitutional injury.  A knuckle being jammed behind or below an ear is not, as a matter of law, the type of force that gives rise to a constitutional violation.  Plaintiff does not allege that the knuckle caused him any injury, that the knuckle somehow broke his skin, or that he needed medical treatment because of the knuckle.  Plaintiff's allegation alleges a less severe type of injury than the allegation in Crumley that the officer shoved the plaintiff five times, or the allegation in Andrews that the sheriff struck the plaintiff hard enough to make her see stars and cause an immediate flareup of pain.  Plaintiff's allegation about the knuckle simply does not rise to the level of a constitutional violation and therefore as a matter of law does not state a Section 1983 claim upon which relief may be granted.

     Similarly, Plaintiff's allegation that he was handcuffed extremely tightly does not state a claim for excessive force.  Plaintiff alleges only that the handcuffs were very tight,

but that he did not tell Officer Faust that he was in pain.  In <u>Crumley</u>, the plaintiff alleged that the police officer handcuffed her so tight that it caused a bleeding wound to her wrist.  Even so, this Court and the Eighth Circuit ruled that such an alleged injury did not rise to the level of a constitutional violation, even if proved.  Here, Plaintiff does not allege that the handcuffs caused him to bleed.  And in fact, he did not even allege that he complained to Officer Faust about how tight they were.  Under <u>Crumley</u>, Plaintiff cannot, as a matter of law, state a Section 1983 claim for an allegation that handcuffs were too tight, without much more.  Even if he alleged that his wrists were bleeding, his claim would fail.

Finally, the allegation that Officer Faust allegedly lifted Plaintiff up roughly from under his armpits and dragged him feet trailing to the squad car does not state a constitutional violation.  Plaintiff does not allege that he suffered any injury from the dragging.  He does not allege that he was even injured.  And even if he did, it should be compared to the alleged blow in <u>Andrews</u> that caused the plaintiff to see stars, caused an immediate flareup of pain in her neck and shoulder, caused a horrible headache, and aggravated a stress condition she had.  The Eighth Circuit ruled in that case that such injuries did not rise to the level of a constitutional violation, and here too, Plaintiff's allegations fail to state a claim.

In short, the Complaint alleges precisely the type of *de minimis* injury that precludes a claim for excessive force as a matter or law.  <u>See</u> <u>Crumley</u> at 818.  Plaintiff's Complaint, therefore, cannot establish an essential element of a Section 1983 claim, and it should be dismissed with prejudice.

**II.     Plaintiff's Section 1985 conspiracy claim against Officer Faust fails because he alleges no facts that Faust conspired with anyone.**

Plaintiff's second claim against Faust is for conspiracy under 42 U.S.C. § 1985. To prove a conspiracy claim against a particular defendant, a plaintiff must show that the defendant conspired with others to deprive the Plaintiff of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff.  See, e.g., Simpson v. Weeks, 570 F. 2d 240, 242-43 (8th Cir. 1978).  In order to prove the existence of a conspiracy under §1985, a plaintiff "must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." City of Omaha Employees Betterment Ass'n, 883 F.2d at 652 (citation omitted). The plaintiff must "point to at least some facts which would suggest that [Defendants] reached an understanding to violate [their] rights." Id. (quotations omitted).

The principal element of a civil conspiracy is an agreement between the parties to inflict the harm or injury upon another in an overt act that results in damages.  Rotermund v. United States Steel Corp., 474 F.2d 1139 (8th Cir. 1973).  In order for a conspiracy to exist there must be a "meeting of the minds" or understanding among the conspirators to achieve the conspiracy's aims.  Putnam v. Gerloff, 701 F.2d 63, 65 (8th Cir. 1983).  The threshold inquiry is whether the defendant understands the general objectives of the scheme, accepts them, and agrees, either explicitly or implicitly, to do his or her part to further these objections.  Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988). There is no such thing as accidental or inadvertent participation in a conspiracy.  Id. at

993.  A conclusory and unsupported allegation of conspiratorial purpose is not sufficient.

See Myers v. Morris, 810 F.2d 1437, 1453 (8th Cir. 1987), cert. denied, 484 U.S. 828

(1987) ("A conclusory and unsupported allegation of conspiratorial purpose fails to

defeat an assertion of qualified immunity ....").

The Complaint fails to allege an agreement between Officer Faust and anyone else

to violate the constitutional rights of Plaintiff.  It fact, it alleges no communications

between Officer Faust and any other person except for his trying to get a response from

Plaintiff himself.  In short, Plaintiff cannot establish that there was some "meeting of the

minds" or an understanding between Officer Faust and some other Defendant to violate

the constitutional rights of Plaintiff, and thus cannot state a claim upon which relief can

be granted.  He has failed to allege with particularity any specific facts demonstrating an

agreement between Officer Faust and  another Defendant, and therefore, the Plaintiff's

conspiracy claim under § 1985 must be dismissed.

### III.   Plaintiff's Section 1986 claim against Officer Faust is not supported by the facts alleged in the Complaint and is time-barred.

Plaintiff also alleges a 42 U.S.C. § 1986 claim against Officer Faust.  See Count I,

¶¶ 50-51.  Section 1986 provides that any person who has knowledge of a Section 1985

conspiracy, and fails to prevent such conspiracy, violates Section 1986.  A Section 1986

claim is dependent upon a valid Section 1985 claim.  Jensen v. Henderson, 315 F.3d 854,

863 (8th Cir. 2002); Gatlin v. Green, 362 F.3d 1089, 1095 (8th Cir. 2004).

First, Plaintiff's claim fails because he does not allege a valid underlying Section

1985 conspiracy claim against Officer Faust, as argued above. Second, Plaintiff's claim

fails because he does not allege that Officer Faust had knowledge of a Section 1985 conspiracy, and failed to prevent such conspiracy.   Third, his claim under 42 U.S.C. §1986 is time-barred, as that statute provides explicitly that, "…no action…shall be sustained which is not commenced within one year after the cause of action has accrued."  Plaintiff's Complaint was filed on June 9 2008, and the events that give rise to this lawsuit occurred on June 9, 2006.  Complaint at ¶ 19.

Accordingly, Plaintiff's claim under 42 U.S.C. § 1986 must be dismissed with prejudice.

## IV.    Plaintiff's <u>Monell</u> claim against the City fails.

Plaintiff's  <u>Monell</u> claim against the City (Count 8, asserted under 42 U.S.C. §§ 1983, 1985, and 1986) should be dismissed for failure to state a claim.  As argued above, Section 1985 and 1986 do not apply to Officer Faust or the City because there are no allegations of conspiracy regarding those defendants.  The claim against the City should be analyzed under Section 1983.

First, because there is no valid Section 1983 claim against Officer Faust (see *di minimis* argument, above), there can be no claim against the City for having policies or customs permitting such alleged excessive force to occur.  <u>See Hayek v. City of St. Paul</u>, 488 F.3d 1049, 1055 (8th Cir. 2007) (without constitutional violation by individual officers, there can be no <u>Monell</u> failure to train municipal liability); <u>Sanders v. City of Minneapolis</u>, 474 F.3d 523, 527 (8th Cir. 2007) (same); <u>Walker v. Bonenberger</u>, 438 F.3d 884, 890 (8th Cir. 2006) (same), citing <u>City of Los Angeles v. Heller</u>, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual

police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point").

Second, the City is also entitled to dismissal because Plaintiff has alleged no specific no unconstitutional customs or policies by the City.  A municipality is liable for its own wrongs only when enforcement of a municipal policy or practice results in the deprivation of federally protected rights.  <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 694 (1978).  For a municipality to be liable, a plaintiff must prove that a municipal policy or custom was the "moving force [behind] the constitutional violation."  <u>Mittler v. Whitledge</u>, 165 F.3d 1197, 1204 (8th Cir. 1999) (citing <u>Monell</u>, 436 U.S. at 694).  Only "deliberate" actions by a municipality can meet the "moving force" requirement.  <u>Bd. of Comm'rs v. Brown</u>, 520 U.S. 397, 400 (1997).

Municipal liability under 42 U.S.C. § 1983 arises if injury results from "action pursuant to official municipal policy of some nature," or, alternatively, liability may be established through proof that the alleged misconduct was so persuasive among the non-policy making employees of the municipality as to constitute a custom or usage with the force of law.  <u>Mettler</u>, 165 F.3d at 1204; <u>McGautha v. Jackson County, Mo. Collections Dep't</u>, 36 F.3d 53, 55-56 (8th Cir. 1994); <u>Thelma D. ex rel. Delores A. v. Bd. of Educ.</u>, 934 F.2d 929, 932 (8th Cir. 1991).  Liability for an unconstitutional custom or usage, however, cannot arise from a single act.  <u>Mettler</u>, 165 F.3d at 1205; <u>McGautha</u>, 36 F.2d at 57, citing <u>Wedmeier v. City of Ballwin</u>, 931 F.2d 24, 26 (8th Cir. 1991).

Here, Plaintiff alleges that the City has policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Minneapolis, which

caused the violation of Plaintiff's rights, including to inadequately and improperly investigate citizens' complaints of officers' misconduct, inadequately supervise and train its officers, failing to require appropriate training of officers known to have engaged in misconduct.  Complaint at ¶¶ 68-74.  Plaintiff's allegations are completely vague and non-specific.  He cites no official policy of the City, nor any specific behavior so persuasive among the non-policy making employees of the municipality as to constitute a custom or usage with the force of law.  In fact, his only specific allegations are about this incident.  As noted above, liability for an unconstitutional custom or usage cannot arise from a single act.  <u>Mettler</u>, 165 F.3d at 1205.  Absent more specific allegations, this claim fails to state a claim upon which relief can be granted.

**V.    Plaintiff's state law tort claims against Officer Faust fail because he is entitled to official immunity.**

Plaintiff has asserted state-law claims for assault and battery (Count 3), false arrest (Count 4), and intentional infliction of emotional distress (Count 7) against Faust.  All three claims should be dismissed because Faust is entitled to official immunity for the claims.

Under Minnesota law, a public official is automatically entitled to official immunity from state law claims when he is charged by law with duties that require the exercise of judgment or discretion.  <u>Johnson v. Morris</u>, 453 N.W.2d 31, 41 (Minn. 1990); <u>Elwood v. Rice County</u>, 423 N.W.2d 671, 677 (Minn. 1988).  Duties of law enforcement and crime prevention by police officers are considered discretionary duties entitling them to official immunity.  <u>Johnson</u>, 453 at 41-42.  State law immunity rests on the rationale

13

that courts must insure that the threat of suit does not inhibit public officials' exercise of discretion in discharging their duties.  Rico v. State, 472 N.W.2d 100, 107 (Minn. 1991); Holmquist v. State, 425 N.W.2d 230, 233 n.1 (Minn. 1988).

Only proof that the officer committed a willful or malicious wrong can defeat official immunity.  Elwood, 423 N.W.2d at 679; Susla v. State, 247 N.W.2d 907, 912 (Minn. 1976). This requires proof of the officer's "intentional doing of a wrongful act without legal justification or excuse".  Rico, 472 N.W.2d 100, 107.  But a plaintiff must do more than allege malice or willfulness: the plaintiff must present specific facts showing that the official knew that what he or she was doing lacked legal justification. Reuter v. City of New Hope, 449 N.W.2d 745, 751 (Minn. App. 1990); Frank's Livestock & Poultry Farm, Inc. v. City of Wells, 431 N.W.2d 574, 578 (Minn. App. 1988).  To defeat official immunity a plaintiff must be able to prove that the defendant knowingly violated clearly established law at the time he acted:

> [T]he wilful or malicious wrong exception to official immunity ... does not impose liability merely because an official intentionally commits an act that a court or a jury subsequently determines is a wrong.  Instead, the exception anticipates liability only when an official intentionally commits an act that he or she then has reason to believe is prohibited.

Rico v. State, 472 N.W.2d 100, 107 (emphasis in original).  An official immunity defense may be properly considered upon a Rule 12 motion to dismiss.  See, e.g, Graves v. County of Beltrami, 99-cv-00784 JMR-RLE  (Doc. 14 filed 09/17/1999) (Judge Rosenbaum presiding, granting defendants' Rule 12 motion to dismiss, including state law claims on the ground of official immunity) aff'd, 2000 U.S. App. LEXIS 29120  (8th Cir. Nov. 14, 2000).

Nothing in the complaint remotely alleges a willful and malicious intent to violate Plaintiff's rights, knowing it was wrong.  Plaintiff's Complaint acknowledges that Officer Faust was dispatched to the hospital because hospital security called 911 about Plaintiff's presence there.  The Complaint itself therefore forms the basis for Officer Faust's arrest of Plaintiff.  At worst, from the allegations in he Complaint, a jury could conclude that Officer Faust should have investigated the situation at the hospital rather than arresting Plaintiff for trespass.  Even if Plaintiff could convince a jury that Officer Faust made the wrong call in arresting Plaintiff, he has no facts that would support a finding by a reasonable jury that Officer Faust acted willfully or maliciously.

Likewise, the allegations of force against Officer Faust (which underlie the assault and battery claims) do not state a claim for willfulness or maliciousness.  There are allegations of pressing a knuckle under an ear, of handcuffing in an arrest, and of carrying an arrestee, feet dragging.  This is not a case in which the Plaintiff alleges that a brutal and out of control police officer beat him to a pulp.   Instead, Plaintiff's allegations describe ordinary and perfectly lawful ordinary police work.  There is simply nothing malicious implied in the allegations against Officer Faust.  Absent a specific allegation from which a reasonable jury could find Officer Faust's acts malicious or willful, the Court should afford him official immunity for the state tort claims and grant his motion to dismiss on that basis.

**VI.     Plaintiff's claims against the City of Minneapolis and Police Chief Timothy
Dolan for state law negligent hiring, supervision, training, and retention fail.**

In Count 5, Plaintiff alleges that the City of Minneapolis and Minneapolis Police

Chief Timothy Dolan for negligent hiring, supervising, training and retention of

"Defendants Dolan and Faust."  Complaint at ¶ 58.  Police Chief Dolan is not mentioned

in the underlying factual allegations in the Complaint and so Plaintiff could make no

claim against the City for negligent hiring, supervision, training or retaining of Chief

Dolan.  In fact, the claim against Dolan appears to be simply a repeat of the claim against

the City for negligent hiring/supervising/training/and retention for the City.  There are no

allegations that Chief Dolan himself was involved in anything about this incident and as

such he should be dismissed.

In any case, the claims against the City and Chief Dolan for negligent

hiring/supervising/training/and retention all fail as a matter of law.   First, as argued

before, Plaintiff has no claim against Officer Faust and as such, neither the City nor Chief

Dolan caused Plaintiff any damages by negligently hiring, supervising, training, or

retaining Officer Faust.

In addition, Minnesota does not recognize a cause of action for negligent training.

Johnson v. Peterson, 734 N.W.2d 275, 277 (Minn. App. 2005) (citing M.L. v. Magnuson,

531 N.W.2d 849, 856 (Minn. App. 1995).  Thus, it must be dismissed.

Finally, it is settled law in Minnesota that municipalities are immune from this

type of claim.  A municipality is entitled to statutory discretionary immunity, for "[a]ny

claim based upon the performance or the failure to exercise or perform a discretionary

function or duty, whether or not the discretion is abused." <u>See</u> Minn. Stat. § 466.03, subd. 6.  Based on the separation-of-powers doctrine, the purpose of statutory immunity is "to protect the legislative and executive branches from judicial second-guessing of certain policy-making activities through the medium of tort actions." <u>Schroeder v. St. Louis County</u>, 708 N.W.2d 497, 503 (Minn. 2006). Thus, "[w]hether governmental action is protected by statutory immunity is a question of law." <u>Conlin v. City of St. Paul</u>, 605 N.W.2d 396, 400 (Minn. 2000).

"Discretionary immunity . . . does not protect all acts of judgment by government agents." <u>Steinke v. City of Andover</u>, 525 N.W.2d 173, 175 (Minn. 1994). "In defining what is a discretionary act, [courts] have made a general distinction between operational and planning decisions." <u>Id.</u> (quotations omitted).  Planning-level functions "require evaluating such factors as the financial, political, economic, and social effects of a given plan." <u>Unzen v. City of Duluth</u>, 683 N.W.2d 875, 882 (Minn. App. 2004), review denied (Minn. Oct. 27, 2004).  "Operational-level decisions, in contrast, are those actions involving the ordinary, day-to-day operations of the government." <u>Id.</u>  Only planning-level functions are protected by statutory immunity. <u>Id.</u>

Minnesota state appellate courts have consistently held that negligent supervision and negligent retention claims against government entities are entitled to statutory immunity as a matter of law.  The Minnesota Court of Appeals has stated that "claims for negligent supervision… and retention …are based on policy level activity." <u>Hawkinson v. Anoka County</u>, 2006 Minn. App. Unpub. LEXIS 996, *14 - *15 (Minn. App. Aug. 29, 2006), citing <u>Gleason v. Metro. Council Transit Operations</u>, 563 N.W.2d 309, 320 (Minn.

App. 1997),  aff'd in part and rev. in part on other grounds, 582 N.W.2d 216 (Minn. July

30, 1998); and  Oslin v. State, 543 N.W.2d 408, 416 (Minn. App. 1996) (determining that

decisions on supervision and retention "were necessarily entwined in a layer of policy-

making that exceeded the mere application of rules to facts"). Thus, "decisions involving

supervision and retention of employees are discretionary acts entitled to statutory

immunity." Gleason, 563 N.W.2d at 320.    Similarly, a municipality's decisions

regarding the hiring of employees are discretionary acts entitled to statutory immunity.

Accordingly, it should be dismissed as a matter of law.

**VII.    Plaintiff's punitive damages claim must be dismissed as well.**

Plaintiff's punitive damages claim against Faust and Dolan (Count 10, ¶¶ 82-84) should

also be dismissed.  The punitive damages claim fails if the constitutional claims to which

it relates are dismissed.  As those claims fail, so too does the punitive damages claim.

## CONCLUSION

For all the foregoing reasons, Defendants City of Minneapolis, Timothy Dolan, and Lance Faust respectfully request that the Court grant their motion to dismiss the claims against them with prejudice.

Dated:  October 7, 2008                    SUSAN L. SEGAL
                                           Minneapolis City Attorney
                                           By:

                                           _____s/ Sara J. Lathrop_____
                                           SARA J. LATHROP
                                           Assistant City Attorney
                                           Attorney Reg. No. 0310232
                                           333 South 7th Street
                                           Minneapolis, MN  55402
                                           612-673-2072

                                           **Attorneys for Defendants City of
                                           Minneapolis, Minneapolis Police Chief
                                           Timothy Dolan, and Minneapolis Police
                                           Officer Lance Faust**